# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 17-cv-02363-REB
(Bankruptcy Case No. 15-22848-JGR (Chapter 11) - Jointly Administered Under Case No. 15-22848-JGR)
(Adversary Proceeding No. 17-01160-JGR)

In re:

ATNA RESOURCES, INC., et al.,

    Debtors.[1]

---

ATNA LIQUIDATING TRUST,
KENNETH J. BUECHLER, LIQUIDATING TRUSTEE,

    Plaintiff,

v.

ELWOOD STAFFING SERVICES, INC.,

    Defendant.

---

# ORDER

**Blackburn, J.**

This matter is an adversary proceeding filed initially in the United States Bankruptcy Court for the District of Colorado as Adv. Proceeding No. 17-01160-JGR. This adversary proceeding was initiated when the plaintiff, Atna Liquidating Trust, Kenneth J. Buechler, Liquidating Trustee (the Trustee), filed in the bankruptcy court a complaint [#1 - Adv. Proceeding No. 17-01160-JGR] against the defendant, Elwood

---

[1] This case involves seven separately filed bankruptcy petitions jointly administered under bankruptcy Case No. 15-22848-JGR. The debtors are as follows: Atna Resources Inc. (15-22848), Canyon Resources Corporation (15-22849), CR Briggs Corporation (15-22850), CR Montana Corporation (15-22851), CR Kendall Corporation (15-22852), Atna Resources Ltd. (15-22853), and Horizon Wyoming Uranium, Inc. (15-22854).

Staffing Services, Inc. The Trustee later filed an amended complaint [#20 - Adv. Proceeding No. 17-01160-JGR] (the Complaint). In the Complaint, the Trustee seeks to recover from Elwood alleged preferential transfers and fraudulent transfers. I entered an order [#6][2] withdrawing the reference of this adversary proceeding to the bankruptcy court and again referred this matter to the bankruptcy court for resolution of pretrial issues, including dispositive motions.

On December 14, 2018, the bankruptcy court entered its **Order Granting Defendant's Motion To Dismiss Third and Fourth Claims of Amended Complaint** [#46 - Adv. Pro. No 17-01160-JGR][3]. The bankruptcy court ordered that the third and fourth claims alleged in the Complaint be dismissed with prejudice. The bankruptcy court entered judgment [#47 - Adv. Pro. No 17-01160-JGR] dismissing the third and fourth claims with prejudice. The Trustee then filed with this court a motion for clarification [#8] asking this court to determine if the court would treat the order and judgment of the bankruptcy court as a binding order and judgment or as proposed findings of fact and conclusions of law subject to objections and *de novo* review by the district court. Addressing the motion to clarify, I concluded that I must treat the final order and judgment [#46, #47 - Adv. Proceeding No. 17-01160-JGR] of the bankruptcy court as proposed findings of fact and conclusions of law. *Order* [#10].

---

[2] "[#6]" is an example of the convention I use to identify the docket number assigned to a specific paper by the court's case management and electronic case filing system (CM/ECF). I use this convention throughout this order.

[3] "[#46 - Adv. Pro. No 17-01160-JGR] is the convention I use in this order to identify the docket number assigned to a specific paper by the CM/ECF system of the bankruptcy court. I use this convention throughout this order.

The proposed findings of fact and conclusions of law of the bankruptcy court are subject to *de novo* review under 28 U.S.C. § 157(c)(1). Under § 157(c)(1), the district court must enter a final order or judgment after considering the proposed findings and conclusions of the bankruptcy court and after reviewing *de novo* those matters to which any party has timely and specifically objected.

Now before me are the following: (1) the **Defendant's Motion for Partial Dismissal of Complaint** [#21 - Adv. Pro. No 17-01160-JGR]; and (2) the **Order Granting Defendant's Motion To Dismiss third and Fourth Claims of Amended Complaint** [#46 - Adv. Proceeding No. 17-01160-JGR], which I treat as proposed findings of fact and conclusions of law. The Trustee filed objections [#13] to the order of the bankruptcy court, and Elwood filed a response [#15] to the objections. Having reviewed the filings noted above and the relevant portions of the record, I now conduct a *de novo* review of the order of the bankruptcy court under 28 U.S.C. § 157(c)(1).

## I. STANDARD OF REVIEW

The motion to dismiss seeks dismissal of the third and fourth claims under Fed. R. Civ. P. 12(b)(6). In its order, the bankruptcy court recited the relevant standard applicable to a motion to dismiss under Rule 12(b)(6). To summarize, under ***Bell Atlantic Corp. v. Twombly***, 550 U.S. 544, 562 (2007), I must review the complaint to determine if it "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Twombly***, 550 U.S. at 569). I must accept all well-pleaded factual allegations of the complaint as true. ***McDonald v. Kinder-Morgan, Inc.***, 287 F.3d 992, 997 (10th Cir. 2002). However, mere "labels and conclusions or a formulaic recitation of the

3

elements of a cause of action" will not be sufficient to defeat a motion to dismiss. ***Ashcroft v. Iqbal***, 556 U.S. 662, 678 (2009) (citations and internal quotation marks omitted). ***See also Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) ("Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.") (quoting ***Twombly***, 550 U.S. at 555 n. 3) (internal citations and footnote omitted). To meet the plausibility standard, the complaint must suggest "more than a sheer possibility that a defendant has acted unlawfully." ***Iqbal***, 556 U.S. at 678.

## II. BACKGROUND

The debtors in these jointly administered bankruptcy cases are affiliated mineral exploration and mining entities that operated under the umbrella of a publicly-traded Canadian company, debtor Atna Resources, Ltd. (Atna Ltd.). Atna Ltd. operated its United States-based companies through a wholly-owned Delaware corporation, Canyon Resources Corporation (Canyon). In turn, Canyon was the sole owner of three Colorado corporations: CR Briggs Corporation (CR Briggs), CR Montana Corporation, and CR Kendall Corporation. Canyon also was the sole owner of Atna Resources, Inc. (Atna, Inc.), a Nevada corporation, and Horizon Wyoming Uranium, Inc., a Wyoming corporation. Attached to the order of the bankruptcy court is a helpful organizational chart which shows the organization of these entities. *Order* [#46 - Adv. Pro. No 17-01160-JGR], p. 18. All of these entities are debtors in this jointly administered case.

Canyon maintained a centralized cash account (CCA) for the affiliated companies. Prior to the bankruptcy filings, substantially all the revenues funding the

4

Canyon CCA were provided by Atna, Inc. through the operation of the Pinson mine and by CR Briggs through the operation of the CR Briggs mine. The other companies did not generate significant revenues. Canyon would make transfers from the commingled funds in the Canyon CCA to the separate bank accounts of Atna, Inc. and CR Briggs so those operating companies could pay the expenses of operations. Attached to the order of the bankruptcy court is a helpful flow chart which shows the operation of the CCA as relevant to the transactions at issue in third and fourth claims alleged in the complaint. *Order* [#46 - Adv. Pro. No 17-01160-JGR], p. 20.

Prior to the bankruptcy filings, Elwood provided temporary staffing services to Atna, Inc. Elwood had no business dealings with any of the other debtors. In claims one and two of the complaint, the trustee seeks to recover from Elwood certain alleged avoidable preferential transfers to Elwood in the 90 days before the bankruptcy petitions were filed. Claims one and two are not challenged in the motion to dismiss.

In claims three and four, the Trustee asserts claims against Elwood for recovery of alleged avoidable fraudulent transfers, totaling $49,881, made within two years of the bankruptcy filings of the debtors. In claim three, the Trustee alleges these transfers are voidable under the laws of Nevada, California, and Colorado, as applicable to specific transfers, citing the versions of the Uniform Fraudulent Transfers Act adopted in those states. The Trustee brings these claims based on the avoidance powers granted to the Trustee under the Bankruptcy Code, 11 U.S.C. § 544(b). In claim four, the Trustee alleges that the transfers are voidable as constructive fraudulent transfers under 11 U.S.C. § 548(a)(1)(B).

Claims three and four of the Trustee are based on the following series of alleged transfers: (1) transfers from the bank account of CR Briggs to the Canyon CCA account; (2) transfers from the bank account of Atna, Inc. to the Canyon CCA account; (3) subsequent transfers from the co-mingled funds in the Canyon CCA account to the bank account of Atna, Inc.; and (4) ultimately, payments to Elwood from the bank account of Atna, Inc. The net effect of these transfers, the Trustee alleges, is that property and assets of CR Briggs and Canyon were transferred to Elwood to pay debts owed to Elwood by Atna, Inc. *Complaint* [#20 - Adv. Pro. No 17-01160-JGR], ¶ 87. The Trustee alleges that debtors CR Briggs and Canyon received less than reasonably equivalent value for the transfers. In addition, the Trustee alleges that the debtors were, at the time of the transfers, insolvent or they otherwise met the criteria specified in 11 U.S.C. § 548(a)(1)(B)(ii) and the relevant state law provisions.

### III. ANALYSIS

#### A. Application of *In re Slack-Horner Foundries Co.*

In the motion to dismiss, Elwood argues that the Trustee may not seek to avoid transfers from Atna Inc. to Elwood without also avoiding the prior transfers, the transfers from CR Briggs to the Canyon CCA, the transfers from Atna, Inc. to the Canyon CCA, and the subsequent transfers from the Canyon CCA to Atna. Inc. Elwood relies on the holding of the United States Court of Appeals for the Tenth Circuit in *In re Slack-Horner Foundries Co.*, 971 F.2d 577, 578 (10th Cir. 1992). The bankruptcy court agreed. This is one of the primary bases for the conclusion of the bankruptcy court that the allegations in claims three and four fail to state a claim against Elwood.

In *Slack-Horner*, the debtor owned a parcel of real estate. In 1983, the county

6

treasurer conducted a tax sale of the property for nonpayment of real property taxes. Simons was the successful bidder at the tax sale and received a tax sale certificate of purchase. Simons also paid the delinquent real property taxes for the years 1982 through 1987. In December of 1987, Simons obtained a treasurer's deed to the property and recorded the deed. The debtor filed bankruptcy in September 1988.

The bankruptcy trustee sought to avoid the transfer of the debtor's interest in the property to Simons under the then-applicable version of 11 U.S.C. § 548(a)(2). Under that provision:

> (a) The trustee may avoid any transfer of an interest of the debtor in property ... that was made ... on or within one year before the date of the filing of the petition, if the debtor voluntarily or involuntarily—
>
> (2)(A) Received less than a reasonably equivalent value in exchange for such transfer or obligation; and
>
> (B)(i) was insolvent on the date that such transfer was made....

***Slack-Horner***, 971 F.2d at 579 (quoting 11 U.S.C. § 548(a)(2)). The parties stipulated that the debtor was insolvent when the treasurer's deed was issued and recorded. ***Id***. at 579.

The Tenth Circuit held that the interest of the debtor in the property "was transferred by operation of law from the debtor to the state" when the treasurer's deed was signed. ***Slack-Horner***, 971 F.2d at 580. The state, in turn, then "transferred all interest in the property to Simons." ***Id***. "The interest in the property must have passed to the state in order for the state to issue a deed conveying the property to Simons." ***Id***. In short, the Tenth Circuit held there were two relevant transfers: (1) the initial transfer from the debtor to the state; and (2) the subsequent transfer from the state to Simons.

7

The court noted that 11 U.S.C. § 550 permits the trustee to recover avoided transfers from "either the initial transferee or a subsequent transferee." *Id*. (citing 11 U.S.C. § 550(a)(1) and (a)(2)). However, the court held that "in order to recover from a subsequent transferee the trustee must first have the transfer of the debtor's interest to the initial transferee avoided under § 548." *Id*.

Ultimately, the court held that the trustee could not seek to avoid the transfer from the state to Simons because the trustee had not made an effort to avoid the initial transfer from the debtor to the state.

> The trustee has made no attempt to have the transfer from the debtor to the state avoided under § 548(a)(2). Accordingly, we need not make a determination of whether the transfer from the debtor to the state could be avoided under that section. In the absence of such a showing, however, the trustee has not demonstrated any basis for recovering the property from Mr. Simons. Cf. 11 U.S.C. § 550.

*Id*.

Section 550(a) permits recovery of an avoided transfer from "the initial transferee of such transfer," "the entity for whose benefit such transfer was made," or "any immediate or mediate transferee of such initial transferee." 11 U.S.C. § 550(a). "(T)he minimum requirement of status as a 'transferee' is dominion over the money or other asset, the right to put the money to one's own purposes." ***Rupp v. Markgraf***, 95 F.3d 936, 939 (10th Cir. 1996) (internal quotation and citation omitted). In response to the motion to dismiss and in the objections [#13], the Trustee argues that he may be able to show that Canyon and Atna, Inc. were not initial transferees of the funds moved from CR Briggs to the Canyon CCA and from the Canyon CCA to Atna, Inc. Rather, the Trustee contends he may be able to show that CR Briggs and Canyon were mere

8

conduits of the funds, as opposed to transferees.

None of the allegations in the complaint support the conduit theory. In the complaint, the Trustee alleges that "Canyon Resources is the immediate transferee of property and funds of Debtor CR Briggs and Atna Resources Inc." *Complaint*, ¶ 84. In his objections [#13], the Trustee says this allegation was made in error and is inconsistent with the allegations of ¶28, ¶70 and ¶86 of the Complaint. *Objections* [#13], p. 15. This allegation is not inconsistent with ¶ 28, which contains the allegation that payments made to Elwood were for the benefit of Elwood. In ¶ 70, the Trustee alleges that Elwood "is the initial transferees (sic) of the Transfers, or for whose benefit the transfers were made." This paragraph essentially recites the language of § 550(a)(1). Taken alone, ¶ 70 states a legal conclusion without specifying particular facts. The crucial allegations, the specific factual allegations about payments or transfers, which are discussed below, put flesh on the bones of such legal conclusions. Such specific factual allegations must be considered to determine if the Complaint "'contains enough facts to state a claim to relief that is plausible on its face.'" ***Ridge at Red Hawk, L.L.C. v. Schneider***, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting ***Twombly***, 550 U.S. at 569). In ¶ 86, the Trustee alleges that Elwood "is the ultimate beneficiary of the Payments and Transfers made by the Debtor CR Briggs to the CCA . . . maintained by Canyon Resources and then subsequently transferred to" the bank account of Atna, Inc., and "then used to pay the Defendant." The allegations of ¶ 86 are not directly inconsistent with the allegations of ¶ 84.

Most important, the specific allegations in the Complaint detailing the payments

9

and transfers involve deposits or transfers from the bank accounts of Atna, Inc. and CR Briggs to the Canyon CCA bank account. *Complaint*, ¶ 37. The Complaint specifies the bank account numbers involved and the owners of each account. Paragraph 37 uses the verbs "deposited or transferred" to describe movement of money between the accounts *Id*. Further, the Complaint alleges with specificity that the co-mingled funds in the Canyon CCA "were then subsequently re-transferred" to the bank accounts of CR Briggs and Atna, Inc., with specific account numbers and account owners specified. *Id.*, ¶ 38. Nothing in the allegations of the Complaint indicates that these entities did not exercise dominion and control over the money deposited in the bank accounts owned by each entity. Assuming the allegations in the Complaint to be true, each entity which received funds in its bank account was a transferee of those funds because the entity obtained dominion and control of the funds when the funds were deposited in its bank account. Correctly, the bankruptcy court concluded that the Complaint "fails to allege that Canyon lacked discretion in the use of the CCA funds." *Order* [#46 - Adv. Pro. No 17-01160-JGR], p. 11.

Taking the allegations in the complaint as true, when CR Briggs transferred funds to the Canyon CCA, Canyon was the "initial transferee" of those funds under § 550(a)(1). When Canyon later transferred those funds, to the extent they are traceable, from the Canyon CCA to Atna, Inc., Atna, Inc. was the "immediate," to use the language of § 550(a)(2), or subsequent transferee of those funds under § 550(a)(2). The same analysis applies equally to each of the sequential transfers between bank accounts alleged in the Complaint. None of the allegations in the Complaint supports the contention that Elwood was the "initial transferee" of any of the funds transferred by

10

CR Briggs or Canyon. None of the allegations in the complaint supports the contention that CR Briggs, Canyon, or Atna, Inc. did not have dominion and control of the funds in their bank accounts. Thus, none of the allegations in the complaint supports the contention that CR Briggs, Canyon, or Atna, Inc. acted as mere conduits for the funds ultimately paid to Elwood by Atna, Inc.

Taking the allegations in the Complaint as true and applying the holding of *Slack-Horner*, the allegations of the Complaint in support of claims three and four do not state claims on which relief can be granted in the form of avoidance of allegedly fraudulent transfers from Atna, Inc. to Elwood. To recover from Elwood, a subsequent transferee of the funds in question, "the trustee must first have the transfer of the debtor's interest to the initial transferee avoided under § 548." *Slack-Horner*, 971 F.2d at 580. The Trustee has made no effort to avoid the relevant initial transfers from CR Briggs to the Canyon CCA or from Atna, Inc. to the Canyon CCA. Further, the Trustee has made no effort to avoid the relevant subsequent transfers ("immediate or mediate" transfers, to use the language of § 550) from the Canyon CCA to Atna, Inc. Under *Slack-Horner*, the fact that these prior transfers have not been avoided dooms any effort to avoid the subsequent transfers from Atna, Inc. to Elwood. Correctly, the bankruptcy court concluded that "the Trustee cannot recover the transfers [from Atna, Inc. To Elwood] without first avoiding the initial transfers from CR Briggs to Canyon and from Canyon to Atna." *Order* [#46 - Adv. Pro. No 17-01160-JGR], p. 10.

B. Dismissal With Prejudice

The bankruptcy court concluded that the third and fourth claims should be dismissed with prejudice, finding "it is unfair and inequitable for [Elwood] to have to defend the constructive fraudulent transfer claims." *Order* [#46 - Adv. Pro. No 17-01160-JGR], p. 11. In addition, the bankruptcy court found the Trustee does not have standing to bring those claims because they were not adequately reserved in the joint Chapter 11 Plan of the debtors. *Id.*, p. 13. I agree that dismissal with prejudice is appropriate. I find and conclude that dismissal with prejudice is proper because further amendment of the Complaint by the Trustee would be futile.

"Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." **Castleglen, Inc. v. Resolution Trust Corp.**, 984 F.2d 1571, 1585 (10th Cir.1993) (**citing Foman v. Davis**, 371 U.S. 178, 182 (1962)). In his objections [#13], the Trustee contends the so-called **Ehrenhaus** factors should guide the determination of whether dismissal should be with prejudice or without prejudice. **See Gripe v. City of Enid, Okl**., 312 F.3d 1184, 1188 (10th Cir. 2002) (citing **Ehrenhaus v. Reynolds**, 965 F.2d 916, 918 (10th Cir. 1992)). I disagree. The **Ehrenhaus** factors guide a determination of whether dismissal is a proper sanction for litigation conduct or failure to prosecute. **Ehrenhaus**, 965 F.2d at 921.

The bankruptcy court concluded that the Trustee "lacks standing to bring the constructive fraudulent transfer claims" asserted in claims three and four. *Order* [#46 - Adv. Pro. No 17-01160-JGR], p. 17. This is true, the bankruptcy court found, because

12

"the type of avoidance claims premised on state and federal constructive fraudulent transfer laws arising out of the CCA were not reserved [in the Chapter 11 plan] or foreseeable by the creditors." *Id.*, p. 16. The bankruptcy court made a detailed analysis of this issue. I agree with that analysis and the conclusion of the bankruptcy court that the Trustee lacks standing to bring avoidance claims premised on state and federal constructive fraudulent transfer laws against Elwood. On this basis, I find and conclude that it would be futile for the Trustee to attempt to amend the complaint to state potentially viable claims to avoid, as fraudulent conveyances, the subsequent transfers from Atna, Inc. to Elwood.

The parties agree that the statute of limitations applicable to claims by the Trustee to avoid initial and subsequent transfers between CR Briggs, Canyon, and Atna, Inc. expired in November 2017. *Objections* [#13], p. 10; *Response* [#15], p.11. The bankruptcy court found that the statute of limitations for such claims expired in November 2017. *Order* [#46 - Adv. Pro. No 17-01160-JGR], pp. 6-7. Claims by the Trustee to avoid initial and subsequent transfers between CR Briggs, Canyon, and Atna, Inc. are now time barred. Applying the holding in **Slack-Horner**, that bar makes it impossible for the Trustee to assert claims against Elwood seeking to avoid, as fraudulent conveyances, the subsequent transfers from Atna, Inc. to Elwood addressed in claims three and four of the complaint. On this basis, I find and conclude that it would be futile for the Trustee to attempt to amend the complaint to state potentially viable claims to avoid, as fraudulent conveyances, the subsequent transfers from Atna, Inc. to Elwood addressed in claims three and four of the complaint.

In the objections [#13], the Trustee points to at least three issues to argue that an opportunity to amend may change the complexion of the third and fourth claims and make them viable. First, the Trustee notes that he can recover from "the entity for whose benefit such transfer was made" under § 550(a)(1). In ¶ 70 of the Complaint, the Trustee alleges that Elwood was the entity "for whose benefit the transfers were made." *Complaint*, ¶ 70. None of the specific factual allegations in the current Complaint provides factual support for this legal conclusion. In the objections [#13], the Trustee does not cite specific facts which could be alleged in a second amended complaint to support this conclusion. Given these circumstances, I conclude that it would be futile for the Trustee to again amend the complaint to provide specific factual allegations in support of this theory. This is particularly true after repeated and detailed examination of the allegations of the Complaint and the issues they present by the parties, the bankruptcy court, and now this court.

Second, the Trustee contends "whether Canyon Resources held funds in the cash management account as a mere conduit for CR Briggs and Atna Resources Inc., or has actual ownership [of the funds] is a question of fact yet to be determined." *Objections* [#13], p. 16. As discussed above, the specific factual allegations in the Complaint do not support the mere conduit theory. In the objections [#13], the Trustee does not cite specific facts which could be alleged in a second amended complaint to support the mere conduit theory. Given these circumstances, I conclude that it would be futile for the Trustee to again amend the complaint to provide specific factual allegations in support of the mere conduit theory. This is particularly true after repeated

and detailed examination of the allegations of the Complaint and the issues they present by the parties, the bankruptcy court, and now this court.

Third, the Trustee proposes a solution to the **Slack-Horner** issue.

> If this Court determines that the transfer from Canyon to CR Briggs, or from CR Briggs to Canyon to Atna Resources, must first be 'avoided' before Elwood can be made to return the funds it received, the simplest, most complete and proper remedy is to grant the Plaintiff leave to add these Debtor entities as additional defendants under F.R.C.P. Rules 19 and Rule 20. The Trustee is authorized under the Plan to confess judgment for avoidance claims by the Debtor as well as to prosecute claims, the avoidance of the transfer(s) is not an obstacle if the Court deems it necessary to do so.

*Objections* [#13], p. 17. The bankruptcy court found this approach to be improper.

> The Court wold never have approved one trustee presiding over one trust that includes seven debtor estates if it was aware that the single trustee would be pursuing competing debtor estate claims in the same lawsuit.
>
> * * * *
>
> Here, the trustee is suing on behalf of the Atna estate for the preference claims and the CR Briggs estate for the constructive fraudulent transfer claims, an inherent conflict. To which estate does the Trustee's fiduciary duty lie: Atna, CR Briggs, or Canyon? All three have separate creditors because the Joint Chapter 11 Plan specifically provided that there was no substantive consolidation. How can the Trustee allocate settlement or judgment proceeds?

I agree that it likely is improper for one trustee to represent a group of bankruptcy estates and then pursue competing debtor estate claims between and among the represented bankruptcy estates. I do not address this issue further because, independent of this issue, it would be futile to amend of the Complaint for the reasons noted above. For the same reason, I decline to address the other issues addressed by the bankruptcy court in its order, the Trustee in the objections [#13], and Elwood in its response [#15].

15

## IV. CONCLUSION & ORDERS

I find and conclude that the allegations in claims three and four of the Complaint [#20 - Adv. Proceeding No. 17-01160-JGR] are not sufficient to state a claim on which relief can be granted.  In addition, I find and conclude that amendment of the Complaint would be futile.  On the issues addressed in this order, I approve and adopt the analysis and conclusions of the bankruptcy court in its **Order Granting Defendant's Motion To Dismiss Third and Fourth Claims of Amended Complaint** [#46 - Adv. Pro. No 17-01160-JGR].  Further, I grant the **Defendant's Motion for Partial Dismissal of Complaint** [#21 - Adv. Pro. No 17-01160-JGR] and order that claims three and four in the Complaint [#20 - Adv. Proceeding No. 17-01160-JGR] be dismissed with prejudice.

**THEREFORE, IT IS ORDERED** as follows:

1. That on the issues addressed in this order, I approve and adopt the analysis and conclusions of the bankruptcy court in its **Order Granting Defendant's Motion To Dismiss Third and Fourth Claims of Amended Complaint** [#46 - Adv. Pro. No 17-01160-JGR];

2. That the **Defendant's Motion for Partial Dismissal of Complaint** [#21 - Adv. Pro. No 17-01160-JGR] is granted;

3. That claims three and four as alleged in the **Amended Complaint To Avoid Preferential Transfers, for Judgment for Liability for Such Transfers, for Recovery of Fraudulent Transfers and Money Damages, and for Disallowance of Claim** [#20 - Adv. Proceeding No. 17-01160-JGR] are dismissed with prejudice;

4. That under Fed. R. Civ. P. 54(b), the court declines to enter judgment based on this order because this order adjudicates fewer than all of the claims at issue in the Complaint [#20 - Adv. Proceeding No. 17-01160-JGR];

5. That the clerk shall arrange for this order to be docketed in the underlying adversary proceeding in the United States Bankruptcy Court for the District of Colorado where it is pending under the case numbers shown in the caption of this order; and

6. That when all claims in the Complaint [#20 - Adv. Proceeding No. 17-01160-JGR] are resolved, judgment shall enter dismissing the third and fourth claims in the Complaint [#20 - Adv. Proceeding No. 17-01160-JGR] with prejudice.

Dated August 6, 2019, at Denver, Colorado.

**BY THE COURT:**

*Bob Blackburn*
Robert E. Blackburn
United States District Judge